

O-723

May 10, 1939

Hon. Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. O-723
Re: Does the fact that the employer
is a city make city employees exempt
from procuring a chauffeur's license
and paying the proper fee therefor
under article 6687a, Vernon's Anno-
tated Civil Statutes?

We are in receipt of your letter of April 27,
1939, in which you request an opinion on the following
questions:

"The city of San Augustine has a City
Manager, and various employees to operate
motor vehicles, including firemen. All of
these employees are at times going beyond
the city limits in carrying out the func-
tions of the city government; the principal
function is in connection with the City
Light and Water Department, which includes
reading meters, testing power lines, and
various other functions.

" * * * QUESTION: (1) Does the fact
that the employer is a city make such em-
ployees exempt from procuring a chauffeur's
license and paying the proper fee therefor,
as required by law?

(2) "If the city employees are exempt
does this exemption extend only to the oper-
ation of motor vehicles within the city
limits?"

The word "chauffeur" is defined in paragraph
(g) of section 1 of article 6687a, Vernon's Annotated
Civil Statutes, as follows:



> "(g) Chauffeur. Any person who oper-
> ates a motor vehicle for any purpose, whole
> or part time, as an employee, servant,
> agent, or independent contractor, whether
> paid in salary or commission; and every
> person who operates a motor vehicle while
> such vehicle is in use for hire or lease."

Section 2 of article 6687a requires that all "chauffeurs" be licensed in the following language:

> "On and after April 1, 1936, no person
> except those expressly exempt under this
> Act, shall drive any motor vehicle upon a
> highway in this state unless such person
> upon application has been licensed as an oper-
> ator or chauffeur by the department under the
> provisions of this Act."

Section 3 designates those persons who are exempt from payment of chauffeur's licenses.

The employees of a city are not exempt from procuring a chauffeur's license by the provisions of section 3 of article 6687a.

Any person who operates a motor vehicle for any purpose, whole or in part time, as an employee of a city, whether paid in salary or commission, falls within the statutory definition of "chauffeur" after paying a chauffeur's license.

The statutory definition, in the absence of exception, applies to any "employee" regardless of whether the employer is private or governmental.

But in the case of governmental employer, the distinction between officers and employees must be kept constantly in mind.

30 TEXAS JURISPRUDENCE 204

> "There is a well recognized distinction
> between officers and employees of municipal
> corporations. And the relation of master and
> servant may exist between a city and its em-
> ployees who are engaged in a proprietary work



as distinguished from officers and employees engaged in public service in a governmental capacity.

"Who are officers and who are employees is to be determined by the provisions of the charter and the statutes. Where the elective and appointive officers are absolutely named and fixed by the charter, all others connected with the city government must be employees, agents, or servants. Such a charter classification cannot be changed by the city commission, as by increasing the number of elective or appointive offices. or by making those designated as employees appointive officers, unless the charter so provides. As used in some charters the term 'any officer' includes only such persons in the service of the city who have to do with the execution or administration of the laws, and does not embrace aldermen.

"Members of the police force of a municipal corporation are generally classed as officers, and usually are state officers; but under some charters members of the police and fire departments are classified as employees. A superintendent of public utilities has been held to be an employee, and not an officer. Under some charters members of the board of education of the city are city, and not county, officers."

It is our opinion that the fact that the employer is a city does not exempt city employees, otherwise covered by the statutory definition of "chauffeur", from procuring a chauffeur's license and paying the proper fee therefor, as required by article 6687a, Vernon's Annotated Civil Statutes.

Since it is our holding that city employees are not exempt, your second question is not material.

We wish to point out that we are not ruling in this opinion upon the question of whether or not the city manager and firemen of San Augustine are employees. This must be determined from the special facts in each case, the provisions of the city charter, and the statutes.

Your attention is respectfully called to the following opinions on related questions rendered by this department:

1. OPINION NO. O-03, January 5, 1939, holding that a county commissioner is a public officer and not an employee, servant, agent or independent contractor as these terms are used in the definition of a chauffeur in article 6687a and that a county commissioner while driving an automobile belonging to the county and on county business is not a chauffeur within the meaning of article 6687a, that he does not have to obtain a chauffeur's license.

2. OPINION NO. O-146, January 24, 1939, holding that a person who owns and operates a bottling plant, who owns his own truck registered for 8,000 pounds under the registration law, and who drives and operates his truck in making deliveries is not "an employee, servant, agent or independent contractor", and therefore does not come within the first part of the definition applied to a "chauffeur" in paragraph (g) of section 1 of article 6687a, Revised Civil Statutes, and does not come within the last part of the definition because no hiring or leasing is involved; therefore, the person is not required to obtain a chauffeur's license.

3. OPINION NO. O-470, April 13, 1939, holding that persons employed by A & M College whose duties include operating college owned trucks should obtain chauffeur's license under article 6687a, Vernon's Annotated Civil Statutes.

4. OPINION NO. O-580, April 14, 1939, holding that linesmen, troublemen, meter readers, meter testers, a collector, a local manager, an engineer, a mechanic, department head, and power salesmen, who are employees of a gas utility company, operating company-owned motor vehicles in the course of the performance of their duties are "Chauffeur" within the scope of the definition contained in article 6687a, section 1 (e), Vernon's Annotated Civil Statutes, as amended,



and that they are required under the law
to obtain chauffeur's license.

Trusting that the above fully answers the
inquiries contained in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Dick Stout
Dick Stout
Assistant

DS:omb

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS.